THE COLUMBIA LAND & BUILDING CO. v. McKNIGHT.

*Municipal corporations—Assessments—Due and payable, when
—Lien assumed by grantee—Deeds.*

An assessment levied on abutting property for a street im-
provement in August, 1918, payable in one installment in
September, 1918, becomes due and payable with the De-
cember taxes for the year 1919, and not at the time of
the passing of the assessing ordinance, where the prop-
erty owner elects not to pay in the one installment in
cash and the city issues assessment bonds and orders the
amount certified to the county auditor to be placed upon
the tax duplicate and collected as other taxes, the same
being so certified in September, 1919.

(Decided December 28, 1922.)

ERROR: Court of Appeals for Montgomery county.

*Messrs. McConnaughey & Shea,* for plaintiff in
error.
*Messrs. Baumann & Cromer,* for defendant in
error.

HAMILTON, P. J. The controversy in this case
grows out of an assessment for street improve-
ments. It appears that on August 14, 1918, the
city of Dayton levied an assessment for the im-
provement of Bowen street, by the construction
of cement sidewalks, payable, in one installment,
on September 23, 1918. The amount of the assess-
ment against the property here in question was
$320.54.

The plaintiff in error, the then owner of the
property, elected not to pay the installment in
cash, and the city thereupon issued an assessment

bond, covering the amount, and ordered the amount certified to the county auditor to be placed upon the tax duplicate and collected as other taxes.

On July 18, 1919, the plaintiff in error deeded the property to one John Reger. The deed to Reger embodied a covenant that the title was clear, free and unincumbered "except as to all taxes and assessments falling due and payable after June, 1919." Later, Reger conveyed the property to Edward E. McKnight, the defendant in error here.

The assessment having been certified to the county auditor for collection, was placed on the 1919 tax duplicate for collection, and was paid by Mc-Knight on the 17th day of February, 1920. Mc-Knight by this action seeks reimbursement from the plaintiff in error, the land company.

The sole question in the case is whether the assessment fell due and became payable after June, 1919. It is contended by defendant in error that the assessment became a lien on the property at the time of the passing of the assessing ordinance, and was due and payable from that date, while the contention of the plaintiff in error is that the city having elected to certify the assessment to the county auditor for collection, and that certification not having taken place until September, 1919, for collection in the December, 1919, taxes, such assessment did not become due and payable until December, 1919.

Whether the assessment became due and payable at the time it was placed upon the duplicate for collection, in September, 1919, or became due and payable in the December tax collections, is imma-

terial, since in either event it would "fall due and payable after June, 1919."

The covenant above quoted runs with the land, and any rights accruing to Reger, the first grantee, would pass to defendant in error, McKnight.

While the improvement was made under the ordinances of the city of Dayton, which is a charter city, the general laws of the state are applicable. The assessing ordinance provided the assessment should be paid in one installment, in cash, to the city treasurer, by the expiration of the tenth day following the taking effect of the assessing ordinance; and, if not so paid, that it should be certified to the auditor of Montgomery county and placed upon the tax duplicate for collection as other taxes.

The plaintiff in error elected not to pay in cash, and the city thereupon, as provided by the ordinance, and as authorized by Section 3892, General Code, issued its bonds to cover the amount of the assessment, and certified the assessment to the county auditor to be placed upon the tax duplicate and collected with the taxes. Section 3892 provides that the certification shall take place on or before the second Monday in September of each year; that thereupon the county auditor shall place the assessment on the tax list, and the county treasurer collect it in the same manner that other taxes are collected.

It is clear that the certification of the clerk to the auditor could not take place before the second Monday of September, 1918, as the right of the property holder to pay the assessment in cash did not expire until September 23, 1918.

It is urged that by virtue of Section 3898, Gen-

eral Code, which provides that the assessment may be recovered by suit before a justice of the peace or other court of competent jurisdiction, the assessment became due and payable and remained so. The answer to this proposition is that the action provided for by Section 3898 is only for a personal liability for the assessment, which may be enforced against the owner, disregarding the lien on the real estate. *Gest* v. *City of Cincinnati*, 26 Ohio St., 275.

This action the city could and did waive, by proceeding under Section 3892, General Code, to issue its bond in anticipation of the collection of the assessment, and by certifying the assessment to the county auditor, who placed it on the tax duplicate the following year. As heretofore stated it could not be placed upon the tax duplicate in the year 1918, as the time had passed for the certification, so that the certification under authority of the statute must be for the year 1919.

All taxes become due and payable in December of each year, and the June taxes are an extension of the time of payment of the taxes due and payable in December, authorized by the statutes.

As provided by Section 3906, General Code, the lien will continue on the property from the time of the assessment for a period of two years, and no longer, unless the corporation, before the expiration of the time, causes it to be certified to the auditor of the proper county, etc. The clerk did certify the assessment to the county auditor, and, while the assessment was a lien on the property, the city elected to place the assessment on the duplicate for collection as other taxes in the

December list for 1919. The assessment did not therefore become due and payable until the taxes for 1919 became due and payable, which could not have been prior to December, 1919.

Summarizing we find the land company, at the time of the assessment, elected not to pay the assessment in cash; that the city thereupon elected not to bring a personal action against the owner of the property, as upon a personal liability by virtue of Section 3898, General Code, but elected to issue its bonds and look for payment of the assessment through the auditor and treasurer, by virtue of the certification authorized by Sections 3892 and 3905, General Code; and that this certification was for the 1919 collections and did not become due and payable until the taxes for the year 1919 were due and payable.

The cause was submitted to the trial court on an agreed statement of facts, and that court held that the assessment became due and payable September 23, 1918, and was not within the exception in the covenant in the deed, "except as to assessments falling due and payable after June, 1919," and therefore rendered judgment for the plaintiff for the amount of the assessment. From that judgment the plaintiff in error prosecutes error to this court.

We find upon the pleadings and the agreed statement of facts that the trial court committed error in rendering a judgment for the plaintiff instead of for the defendant, and for that reason the judgment will be reversed.

And coming now to render the judgment that the trial court should have rendered, we find the is

sues in favor of the plaintiff in error and render judgment accordingly.

*Judgment for plaintiff in error.*

Cushing and Buchwalter, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges Ferneding, Kunkle and Allread, of the Second Appellate District.